No. 26-50253

# In the United States Court of Appeals for the Fifth Circuit

KOSHY MATHEWS MATHAI,
*PLAINTIFF-APPELLANT,*

v.

UNITED STATES OF AMERICA,
*DEFENDANT-APPELLEE.*

On Appeal from the United States District Court
for the Western District of Texas, Waco Division

**APPELLANT'S REPLY IN SUPPORT OF MOTION TO STRIKE OR DISREGARD UNTIMELY APPELLEE BRIEF FILED WITHOUT LEAVE AND RESPONSE TO APPELLEE'S ALTERNATIVE MOTION TO FILE BRIEF OUT OF TIME**

Appellant Koshy Mathews Mathai, M.D., appearing pro se, respectfully files this reply in support of his motion to strike or disregard Appellee's untimely brief filed without leave. Appellant also responds to Appellee's alternative request for leave to file out of time.

Appellee's opposition accuses Appellant of filing his opening brief on Memorial Day weekend "in a deliberate attempt to manipulate" the Government's response time. Appellee is incorrect. Appellant will not respond in kind. Appellant filed electronically when his brief was ready. The Court's electronic filing system accepted the filing. Electronic service was completed through the Court's system. Appellant complied with the rules.

Nor does Appellant accept the implication that his intent should be casually impugned because he is pro se. Appellant is the physician who disclosed the Mission Act violations, substantiated by VA's own investigation. He is the physician whom VA's own investigative process found had been falsely accused by a Service Chief in retaliation. He is also the physician whose protected disclosures helped result in the removal of a VA financial incentive to distribute a controlled substance from National VA Notice. He is the physician who defended stable Veterans' autonomy and patients' rights to decline research-evaluation instruments VA management had advanced as clinical requirements; VHA Mental Health leadership has since undergone turnover. Appellant states these matters not to ask this Court to decide them here, but to make one point: Appellant's record is not one of manipulation. It is one of persistence and participation in rule-governed process even when or if that process is burdensome.

If the United States wishes to scrutinize character, intent, and litigation conduct, such scrutiny is better directed toward the legality and propriety of defending the conduct of the involved VA management officials in related proceedings, including officials whose actions may reasonably be construed as obstructing litigation. That broader issue is not necessary to decide the motion: Appellee's unsupported accusation should be disregarded. The Court should decide the motion on the rules, not on an attack on Appellant's character.

The motion to strike turns on simpler ground: the briefing rules, the date of electronic service, Appellee's failure to seek leave before filing late, and the need to protect Appellant's reply period.

The question before the Court is not motive. The question is whether Appellee's brief was timely, whether Appellee filed it without first seeking leave, and whether Appellant should be prejudiced by Appellee's failure to seek timely relief.

**I. The Appellee Brief Was Due June 22, 2026.**

Appellee argues that its response time should run from Tuesday, May 26, 2026, because Appellant filed his brief electronically on Saturday, May 23, 2026, during the Memorial Day weekend. That argument is inconsistent with the appellate rules.

Federal Rule of Appellate Procedure 31(a)(1) provides that the appellee must serve and file its brief within 30 days after the appellant's brief is served. Federal Rule of Appellate Procedure 25(c)(4) provides that electronic service is complete on filing or sending, unless the serving party is notified that the paper was not received. Federal Rule of Appellate Procedure 26(a)(1) provides that the triggering day is excluded, every intermediate Saturday, Sunday, and legal holiday is counted, and extension occurs only when the last day falls on a weekend or legal holiday. Furthermore, Fifth Circuit Rule 31.3 is inapplicable here.

Thus, if Appellant's brief was electronically filed and served on May 23, 2026, the day of service is excluded; May 24, 2026 is day one; and June 22, 2026 is day thirty. June 22, 2026 was not a weekend or legal holiday. Appellee's brief filed June 25, 2026 was therefore untimely.

Appellee identifies no rule that postpones electronic service merely because the receiving office was closed for a weekend or holiday. Nor does Appellee identify any order stating that

service of Appellant's electronically filed brief would be treated as occurring on May 26, 2026. If Appellee believed the deadline was unclear, Appellee could have sought clarification or an extension before the deadline expired. Appellee did not, and casting blame on the Appellant is an insufficient alternative tack.

## II. Appellee Filed Late Without First Seeking Leave.

Appellee did not file a timely motion for extension. Appellee did not seek leave before filing its brief. Instead, Appellee filed the brief as though it were timely, then defended that position only after Appellant moved to strike.

That sequence matters. The burden should not fall on Appellant to treat a late Government brief as timely filed unless and until the Court grants leave. A party represented by the United States Department of Justice should not be permitted to miss a briefing deadline, file the brief without leave, and then shift the issue to Appellant's supposed failure to wait longer before objecting.

Appellant does not dispute that this Court has discretion to accept late filings on an appropriate showing. But that discretion should be invoked by motion before, or at least contemporaneously with, a late filing. Here, Appellee made no such showing until after Appellant objected.

## III. Appellant's Motion Was Time-Sensitive, And Any Conference Issue Is Now Moot Or Harmless.

Appellee argues that Appellant did not sufficiently confer because he filed his motion 26 minutes after emailing counsel. Appellant emailed counsel before filing. Appellant then filed promptly because Appellee had already filed a late brief without first moving for leave, without

first obtaining leave, and without first conferring. In other DOJ litigation, Appellant has conferred professionally over briefing schedules and has not reflexively opposed Government extensions when requested before a deadline and structured to preserve reciprocal predictability. See **Exhibit A**. Here, however, Appellee filed first and justified later, creating immediate uncertainty about Appellant's reply deadline while Appellant's pre-planned July 3-18 travel/leave made the reply-period issue time-sensitive.

In any event, Appellee's position is now fully known. Appellee opposes striking the brief, contends the brief was timely, and alternatively seeks leave to file out of time. The issue is therefore joined. Any arguable conference deficiency has caused no prejudice and should not defeat a motion raising a concrete deadline issue created by Appellee's own late filing.

If the Court believes supplemental certificate or conferral is necessary, Appellant respectfully requests leave to cure the procedural point rather than denial of motion on that basis.

**IV. Appellee's Alternative Request For Leave Should Be Denied Or Conditioned On Protecting Appellant's Reply Period.**

Appellee alternatively seeks leave to file out of time if the Court concludes the brief was untimely. That request should be denied because Appellee did not seek leave before filing late and has not shown good cause under Rule 26(b), or any other sufficient basis.

Appellee's only explanation is its position that time should run from May 26 because Appellant filed electronically during a holiday weekend. That is a legal disagreement, not a showing of good cause for filing out of time.

At minimum, if the Court accepts Appellee's late brief, acceptance should be conditioned on protecting Appellant's reply period. Appellee itself states that "any supposed prejudice to

Mathai on the timing of his Reply Brief can be cured with an extension" and that "The United States is not opposed to an extension of time." Appellant agrees that, if the late brief is accepted, an extension is necessary.

Appellant has pre-planned travel/leave and unavailability from July 3, 2026 through July 18, 2026. An ordinary reply period triggered by Appellee's late June 25 filing would substantially overlap that unavailability. Appellant should not lose meaningful reply time because Appellee filed after the deadline and without leave.

Accordingly, if the Court accepts or permits Appellee's late brief, Appellant respectfully requests that the Court reset Appellant's reply deadline to the latter of thirty days after the Court accepts or permits the late brief, or August 19, 2026. In the further alternative, Appellant requests a 30-day extension from any otherwise applicable reply deadline.

## V. Requested Relief

For these reasons, Appellant respectfully requests that the Court:

1. Grant Appellant's motion to strike or disregard Appellee's untimely brief;

2. Deny Appellee's alternative request for leave to file out of time;

3. Deem the appeal submitted on Appellant's opening brief and record excerpts if Appellee's brief is stricken or disregarded;

4. Decline to consider any untimely appellee arguments submitted without leave;

5. Enforce Federal Rule of Appellate Procedure 31(c), under which an appellee who fails to file a brief will not be heard at oral argument unless the Court grants permission.

6. Alternatively, if the Court accepts or permits Appellee's late brief, reset Appellant's reply deadline to the later of thirty days after the Court accepts or permits the late brief, or August 19, 2026;

7. In the further alternative, grant Appellant a 30-day extension from any otherwise applicable reply deadline; and

8. Grant such other relief as the Court deems appropriate.

Respectfully submitted,

Date: June 26, 2026

Koshy Mathews Mathai, M.D.
*Pro Se Appellant*
16325 Donoher Drive
Austin, Texas 78717
(504) 231-2833
koshymmathai@gmail.com

 Gmail

Koshy Mathai <koshymmathai@gmail.com>

# Re: [EXTERNAL] Re: Mathai v. DVA, Fed. Cir. No. 26-1619
1 message

**Koshy Mathai** <koshymmathai@gmail.com>                    Fri, May 22, 2026 at 2:34 PM
To: "Rayel, William (CIV)" <William.Rayel@usdoj.gov>

**EXHIBIT A**
May 2026 Email Correspondence Reflecting
Appellant's Prior Professional Conferral With
DOJ Counsel Regarding Briefing Extension

Welcome.

I'm not bad to deal with. Just so you know.

KM

On Fri, May 22, 2026, 2:06 PM Rayel, William (CIV) <William.Rayel@usdoj.gov> wrote:

> Thanks Dr. Mathai.  As reflected in our filed motion, that works for us.
>
>
> ---
>
> **From:** Koshy Mathai <koshymmathai@gmail.com>
> **Sent:** Friday, May 22, 2026 8:18 AM
> **To:** Rayel, William (CIV) <William.Rayel@usdoj.gov>
> **Subject:** [EXTERNAL] Re: Mathai v. DVA, Fed. Cir. No. 26-1619
>
>
> Hello Mr. Rayel,
>
>
> That type of extension leaves too much up in the air.
>
>
> It buys too much variability to one party.
>
>
> I would not be opposed to an extension of time until July 24th **but** under the condition that your Response to be submitted, by you, no sooner than July 20th.
>
>
> In this way, both parties are afforded a more equitable degree of predictability.
>
>
> Koshy Mathai, MD
>
>
>
> On Wed, May 20, 2026 at 4:03 PM Rayel, William (CIV) <William.Rayel@usdoj.gov> wrote:
>
>> Dr. Mathai,
>>
>>
>> I represent the Department of Veterans Affairs in your Federal Circuit appeal, No. 26-1619.  I intend to seek an extension of time until July 17, 2026, to file our response brief, due to my work and leave schedule.  Can I state that

you will not oppose the motion for an extension of time?  Thanks.


Will Rayel

## CERTIFICATE OF SERVICE

I certify that on June 26, 2026, I filed the foregoing reply and Exhibit A with the Clerk of the United States Court of Appeals for the Fifth Circuit using the Court's CM/ECF system, which served counsel for Appellee through electronic notice of filing.

Date: June 26, 2026 By: */s/ Koshy Mathews Mathai, M.D.*

Koshy Mathews Mathai, M.D.

## CERTIFICATE OF COMPLIANCE

This reply complies with Federal Rule of Appellate Procedure 27(d)(2)(C) because it contains 1,443 words, excluding the parts exempted by Federal Rule of Appellate Procedure 32(f). This reply also complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5)-(6).

Date: June 26, 2026 By: */s/ Koshy Mathews Mathai, M.D.*

Koshy Mathews Mathai, M.D.